## PRESTRESSED CONCRETE, INC. v. ADOLFSON & PETERSON, INC., AND ANOTHER. THE ARCHITECTS COLLABORATIVE, INC., AND ANOTHER, THIRD-PARTY DEFENDANTS.

240 N. W. 2d 551.

March 26, 1976—No. 45750.

*Cousineau, McGuire, Shaughnessy & Anderson, Dean D. Larsen,* and *Robert McGuire,* for appellant.

*Briggs & Morgan* and *John L. Devney,* for respondent.

Heard before Peterson, Todd, and Scott, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

The Architects Collaborative, Inc. (TAC) appeals from an order denying its motion for dismissal and for an order compelling arbitration. We affirm.

Prestressed Concrete, Inc. (Prestressed) commenced a declaratory judgment action against Adolfson & Peterson, Inc. (A&P) and the Regents of the University of Minnesota (University) seeking a determination that it was entitled to damages arising out of its subcontract with A&P for the manufacture of precast concrete components for a parking lot being constructed by A&P as general contractor for the University. TAC was employed by the University to serve as architects for the project pursuant to a contract which provided for arbitration of any dispute arising out of the agreement. TAC in turn employed Carl Walker & Associates, Inc. (Walker) to perform structural engineering services. None of the contracts involved, other than the one between the University and TAC, contained arbitration clauses.

After Prestressed initiated this action, the University commenced third-party proceedings against TAC and Walker seeking indemnity for all damages it sustained in the main action, and further seeking additional consequential damages from TAC and Walker. TAC moved the trial court to compel arbitration of its dispute with the University and to dismiss the third-party complaint. The lower court denied the motion to dismiss the third-party complaint and declined to compel arbitration of the indemnity aspects of that claim, but did stay the determination

of the University's claim against TAC and Walker for consequential damages, directing that after the trial of the main action and the indemnity claim, TAC may request reconsideration of its motion to compel arbitration of the damages still in dispute between it and the University.

TAC argues that the trial court erroneously denied its motion to compel arbitration of the entire third-party claim on the grounds that its contract with the University clearly provides for arbitration, that the issues involved are within the intended scope of the arbitration clause, and furthermore, that the determination of what issues fall within the scope of such clause should initially be resolved by arbitration. These arguments would be persuasive if the sole parties to this litigation were TAC and the University. In such a situation, the arbitration clause would be applicable and issues as to its scope could properly be raised.

However, in the context of the present complex multiparty litigation, the precise issue involved is the extent to which an arbitration agreement binding two of the parties should be enforced when their interests and the policies supporting arbitration are balanced against the interests of the other parties and the policies supporting joinder of parties and claims.

TAC relies heavily on the proposition often stated by this court that arbitration is a favored method of dispute resolution. Grover-Dimond Associates, Inc. v. American Arbitration Assn. 297 Minn. 324, 211 N. W. 2d 787 (1973), and cases cited therein. However, the fact that arbitration is favored by this court does not mean that it is our favorite remedy in situations where it would jeopardize other favored procedures and policies. Of at least equal stature and importance are our Rules of Civil Procedure, a major purpose of which is to encourage the efficient and expeditious resolution of controversies by facilitating joinder of all related parties and claims. The importance of Rule 14.01, Rules of Civil Procedure, providing for third-party actions, in advancing this favored policy of consolidating related claims and

parties into a single lawsuit, is emphasized by the following comments on that rule:

"* * * The purpose for impleading a third-party defendant is to eliminate multiplicity of actions by bringing into the pending litigation all litigants having an interest in the total proceeding and to dispose of the entire matter without the expense and time involved in many separate law suits. Since the purpose is to eliminate multiplicity of claims, courts should be liberal in permitting impleader and should be reluctant to order separate trials of the third-party actions except in the clearest of situations where prejudice will outweigh the desirability of a single trial." 1 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 508.

This statement accurately reflects the views of this court in seeking to avoid multiple litigation, and it is this policy which must be balanced against the contractual obligation of TAC and the University to arbitrate disputes arising out of their agreement.

We conclude that paramount policy considerations support the trial court's determination that the litigation should proceed. In arriving at this conclusion, we have considered that of the five parties involved, three cannot be compelled to arbitrate their claims; that the issues involved in the principal action are not subject to arbitration; that TAC can be under no obligation to indemnify the University until there has been a determination that the University is responsible in damages to Prestressed and A&P; that Walker's responsibility, if any, is not subject to arbitration; that the arbitration award if filed before the trial could not be binding on the majority of the parties in this action since they are not contractually bound to arbitrate; and that the claim of indemnity did not arise out of the contract between TAC and the University.

In addition, TAC ignores the practicalities of the matter. As we have stated, Prestressed and Walker cannot be bound by any

arbitration award. TAC's liability hinges on Walker's performance since Walker is TAC's agent, and any negligence on its part may be imputed to TAC. Consequently, dismissal of the University's action against TAC and Walker from this litigation would only cause delay and confusion. The basis for the favored status which arbitration usually enjoys in this court—that it generally expedites the settlement of disputes simply, clearly, and inexpensively—just is not present in this case. Where arbitration would increase rather than decrease delay, complexity, and costs, it should not receive favored treatment. See, Niazi v. St. Paul Mercury Ins. Co. 265 Minn. 222, 231, 121 N. W. 2d 349, 355 (1963).

Therefore, we conclude that under the facts of this case policy considerations support the lower court's refusal to compel arbitration of the entire third-party claim or to dismiss that claim. We further note that the lower court's stay of proceedings as to the University's claim against TAC for consequential damages was proper, since it appears that this matter is probably required to be arbitrated under the contract between the University and TAC.

Affirmed.