**INDEPENDENT SCHOOL DISTRICT NO. 534, Respondent,**

v.

**CITY OF STEWARTVILLE, Defendant and Third Party Plaintiff, Appellant,**

v.

**CONSULTING ENGINEERS DIVERSIFIED, INC., Third Party Defendant,**

**Layne Minnesota Company et al., Third Party Defendant, Respondents.**

**No. 51000.**

Supreme Court of Minnesota.

April 24, 1981.

---

Hoversten, Strom, Johnson & Rysavy and John S. Beckmann, William J. Nierengarten, Austin, for appellant.

Chadwick, Johnson & Bridell, Minneapolis, for respondents Layne Minnesota Corp. and United Pacific Ins. Co.

Timothy Berg Law Office, Carol M. Person, Stewartville, for respondent Independent School Dist. # 734.

AMDAHL, Justice.

Defendant City of Stewartville (City) appeals from an order compelling arbitration and staying its third-party action against third-party defendant Layne Minnesota Company (Layne) and Layne's performance bond surety, third-party defendant United Pacific Insurance Company (United). We denied a motion to dismiss and granted discretionary review pursuant to Minn.R. Civ.App.P. 105. We remand this matter to the district court.

In 1974 the City entered into a contract with Consulting Engineers Diversified, Inc. (Consulting) for the design of a well and related equipment. In 1975 the City entered into a contract with Layne for the construction of the well in accordance with the specifications provided by Consulting. The construction contract between the City and Layne contained an arbitration of disputes provision and an indemnification clause for claims or recoveries against the City by reason of acts or omissions of Layne in connection with the project.

After construction of the well had been completed, a dispute arose concerning the presence of sand in the water from the well. The City then commenced an action against three firms involved in the project, Consulting Engineers, Layne, and Lysne Construction, Inc. (Lysne). Also named as defendants were United, and St. Paul Fire and Marine Insurance Company (St. Paul), the performance bond surety of Lysne.[1] In its cause of action against Layne, the City alleged breach of certain contract provisions, including warranty of materials and workmanship, and negligence.

Layne demanded arbitration under the contract and when the City refused, Layne moved the court for an order compelling arbitration. The district court granted that motion by order dated June 18, 1979, staying further court proceedings of the City's claims against Layne and directing Layne and the City to arbitration. No appeal was taken from that order.

In August 1979, the present action was commenced by Independent School District No. 534 (School District) against the City for damages and expenses incurred as a result of sand in the water supplied by the City. The City denied the allegations of the complaint and impleaded Layne, United, and Consulting as third-party defendants. The City's third-party complaint against Layne seeks indemnification and contribution for all sums that the School District may recover from the City and contains essentially the same allegations as were made by it against Layne in the prior suit. Consulting cross-claimed against Layne for contribution or indemnity for any liability it may incur as a result of the

---

1. Lysne and its surety, St. Paul, are not parties to the present action.

third-party suit commenced by the City. The only parties subject to an arbitration clause are Layne and the City.

Layne and United thereafter moved to compel arbitration of the City's claim against them pursuant to the contract. The district court, by order dated December 21, 1979, granted the motion, ordered arbitration, and stayed the third-party action of the City against Layne and United pending arbitration. It is that order which is the subject of the instant appeal.

The City contends that the arbitration clause should not be interpreted to extend to arbitration of third-party claims for indemnity and, that even if it does, this court's decision in *Prestressed Concrete, Inc. v. Adolfson & Peterson, Inc.*, 308 Minn. 20, 240 N.W.2d 551 (1976) mandates reversal of the district court order.

After this appeal was filed, the School District moved the District Court to amend its complaint to assert its claims directly against the impleaded third-party defendants and the motion was granted by order dated April 18, 1980. The order granting the school district's motion to amend its complaint indicates that a subsequent motion by the City to amend its answer to assert cross-claims against the present defendants was taken under advisement. The file does not reflect the outcome of that motion.

■ The motion to compel arbitration was made at a time when the parties subject to the arbitration agreement were occupying the status of third-party plaintiff and third-party defendants. The court's order compelling arbitration and the appeal from that order were accomplished while the affected parties occupied the same status. The granting of the School District's motion to amend its complaint so as to make all third-party defendants direct defendants during the pending appeal renders the issues raised on appeal moot in light of the parties' changed status. Furthermore, any decision of this court based upon the present status of the parties would be, in

effect, an exercise by this court of de novo review because the trial court has had no opportunity to consider the issues in light of the present posture of the case.

■ The trial court's weighing of the considerations necessary to determine whether a requested arbitration should be granted or denied in the context of multi-party litigation where some, but not all, of the parties are subject to an arbitration agreement is a delicate task. Among the things to be considered are: the fact that arbitration is a generally favored remedy; the provisions of the Uniform Arbitration Act [2]; the Minnesota Rules of Civil Procedure providing procedures for the expeditious disposition of court proceedings; the number and relationship of the parties, the nature and complexity of the claims made by the parties; the difficulty in, and the effect of, separating claims for arbitration from the main trial; the expense and delay occasioned by an order granting or denying arbitration. *See Prestressed Concrete.*

We therefore vacate the December 21, 1979 order of the district court and remand the case to that court. The district court should have the opportunity to consider the issues in light of the changed status of the parties upon motion, if any, brought after remand.

The district court order is vacated and the case remanded.

**2.** Minn.Stat. §§ 572.08–572.30 (1980).