**Hilda A. KIEHNE, Respondent,**

v.

**Charles H. PURDY III, Appellant (51932),**

**Shearson Loeb Rhoades, Inc., Appellant (51987),**

**E. F. Hutton, Inc., Appellant (51961).**

**Nos. 51932, 51961 and 51987.**

Supreme Court of Minnesota.

Aug. 21, 1981.

Charles H. Purdy III, pro se.

Dorsey, Windhorst, Hannaford, Whitney & Halladay and J. Jackson, Minneapolis, for Rhoades.

Popham, Haik, Schnobrich, Kaufman & Doty, Clifford M. Greene, David S. Doty and David J. Edquist, Minneapolis, for E. F. Hutton, Inc.

Faegre & Benson, Lawrence C. Brown and Nicholas J. Spaeth, Minneapolis, for respondent.

OTIS, Justice.

Hilda Kiehne brought this securities action in district court against her former broker, defendant Purdy, and two brokerage firms, E. F. Hutton ("Hutton") and Shearson Loeb Rhoades ("Shearson"). Plaintiff seeks to recover damages resulting from defendant Purdy's alleged mishandling of her account while he was an employee of Hutton and Shearson, respectively, on the grounds of common law fraud, breach of contract, and violations of the Minnesota Blue Sky Law. Minn.Stat. ch. 80A (1980).

Based upon plaintiff's written agreements to arbitrate this dispute, the defendants sought an order staying the action in district court and compelling arbitration. The district court determined that the arbitration clauses were invalid by virtue of Minn.Stat. § 80A.23(10) (1980) and, therefore, denied the motion. Defendants appeal.[1]

The issue presented is whether an agreement to arbitrate is "[a]ny condition, stipulation or provision binding any person to waive compliance with any provision" of Minnesota Blue Sky Laws and therefore void by reason of Minn.Stat. § 80A.23(10) (1980). We conclude that an agreement to arbitrate is within the ambit of Minn.Stat.

§ 80A.23(10) (1980) and, therefore, affirm the trial court's decision.

Section 80A.23, subdivisions 1 and 2, establish the right of a seller or buyer of securities to redress violations of certain provisions of the Minnesota Blue Sky Law by bringing a civil action in law or equity. Thus, the right to judicial trial and review is a "provision" within chapter 80A. Clearly, an agreement to arbitrate is a "stipulation" which would require waiver of judicial trial and review. Therefore, under section 80A.23, subdivision 10, an agreement to arbitrate is void as to disputes arising under chapter 80A.[2]

In reaching our decision we are guided by the legislature's admonition that "[s]ections 80A.01 to 80A.31 shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it and to coordinate the interpretation of sections 80A.01 to 80A.31 with the related federal regulation." Minn.Stat. § 80A.31 (1980).

In *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the United States Supreme Court recognized the favored status of arbitration, but held that an arbitration agreement was void pursuant to 15 U.S.C. § 77n (1976) as to claims alleging violations of the Securities and Exchange Act of 1933. Since the language of the anti-waiver provision of the Minnesota Blue Sky Law, Minn.Stat. § 80A.23(10) (1980), parallels the language of section 77n, we find the *Wilko* decision both relevant and persuasive.

We are aware of only one state court decision which has resolved the issue of the validity of an agreement to arbitrate under the anti-waiver provision of the Uniform Securities Act.[3] In *Sandefer v. Reynolds*

---

1. The appeal is pursuant to Minn.Stat. § 572.26, subd. 1(1) (1980) which provides: "An appeal may be taken from: An order denying an application to compel arbitration made under Section 572.09."

2. The trial court properly stayed arbitration of all of plaintiff's claims. We have recognized that the policies favoring joinder of claims may require judicial determination of claims subject

to arbitration. Here, because of the numerous factual issues common to plaintiff's claims, economy and efficiency favor judicial resolution of all plaintiff's claims. *See Prestressed Concrete, Inc. v. Adolfson & Peterson, Inc.*, 308 Minn. 20, 240 N.W.2d 551 (1976).

3. The Washington Court of Appeals has, in dictum, predicted that were the Washington

*Securities, Inc.*, 618 P.2d 690 (Colo.App. 1980), the court followed *Wilko* stating: "We adopt the reasoning of *Wilko* that, while arbitration is strongly favored as a method of resolving disputes, the subsection of the Colorado Securities Act invalidating provisions waiving investors' rights under the Act applies to waiver of judicial trial and review." *Id.* at 691 (citations omitted).

Consistent with the language of section 80A.23 and the legislature's intent, we hold that an arbitration agreement is void as to claims arising out of chapter 80A.

Affirmed.

Supreme Court to resolve this issue, it would hold that the anti-waiver provision does not

apply to arbitration agreements. *Dunlap v. Wild*, 22 Wash.App. 583, 591 P.2d 834 (1979).