MARTIN K. EBY CONSTRUCTION
CO., INC., Plaintiff,

v.

CITY OF ARVADA, COLORADO, Defendant and Third-Party Plaintiff,

v.

PRC ENGINEERING CONSULTANTS, INC., formerly known as Engineering Consultants, Inc., Third-Party Defendant.

Civ. A. No. 81–C–860.

United States District Court,
D. Colorado.

Sept. 4, 1981.

Overton A. Currie, Ronald G. Robey, Smith, Currie & Hancock, Atlanta, Ga., Philip E. Lowery, Denver, Colo., for plaintiff.

Philip E. Riedesel, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for defendant and third-party plaintiff.

Hugh J. McClearn, Michael J. Cook, Conover, McClearn, Heppenstall & Kearns, P.C., Denver, Colo., for third-party defendant.

MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff, Martin K. Eby Construction Co., Inc. (hereafter, "Eby") brings this suit against the defendant City of Arvada, Colorado (hereafter, "Arvada") pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Eby seeks enforcement of an arbitration clause contained in a contract between it and Arvada. In its enforcement petition, Eby has also alleged claims for breach of contract and quantum meruit. Arvada answered Eby's petition, and filed a third-party claim against PRC Engineering Consultants, Inc. (hereafter, "ECI").

Eby also commenced arbitration proceedings with the American Arbitration Association's Dallas, Texas office, naming Arvada as the respondent. Faced with proceedings in two forums, Arvada filed in this case a motion to stay arbitration. Oral argument on this motion was held August 18, 1981. Jurisdiction is founded on 9 U.S.C. § 4 and 28 U.S.C. § 1332.

I. *Arvada's Motion to Stay Arbitration.*

Arvada moves to stay the pending arbitration on two theories. First, Arvada argues that Eby waived arbitration by alleging breach of contract and quantum meruit claims in its enforcement petition. Second, Arvada argues that the arbitration between it and Eby should be stayed since Arvada's contract with ECI does not provide for arbitration. The parties agree that the Arvada-Eby contract contains an exclusive arbitration provision.

Arvada bases its waiver theory on language in *Galt v. Libbey-Owens-Ford Glass Co.,* 376 F.2d 711, 714 (7th Cir. 1967) and *Krauss Brothers Lumber Co. v. Louis Bossert & Sons, Inc.,* 62 F.2d 1004, 1006 (2d Cir. 1933). Both cases recognize that a party entitled to enforce an arbitration agreement may waive arbitration by filing a lawsuit which is inconsistent with its right to arbitrate. Both cases, however, are distinguishable from this case, especially

since Eby clearly states in its enforcement petition that it does not waive arbitration by alleging breach of contract and quantum meruit. Eby simply has alleged all its claims, even though inconsistent, in one petition or complaint as permitted by F.R.Civ. Proc. 8(e)(2). Therefore, no waiver of arbitration by Eby can be inferred.

In asserting that arbitration between Eby and Arvada should be stayed because of Arvada's third-party claim against ECI, Arvada relies primarily upon *Prestressed Concrete, Inc. v. Adolfson & Peterson, Inc.,* 308 Minn. 20, 240 N.W.2d 551, 553 (1976). That case holds that, under Minnesota law, an arbitration agreement between two parties will not be enforced when a multi-party dispute exists and other parties are not obligated to arbitrate. Iowa law requires the same result. *Jefferson County v. Barton-Douglas Contractors, Inc.,* 282 N.W.2d 155, 159 (Iowa S.Ct. 1979).

Eby seeks enforcement of Arvada's promise to arbitrate under the Federal Arbitration Act. That Act establishes a strong federal policy favoring arbitration.[1] State law determinations, therefore, do not control. *See Robert Lawrence Co. v. Devonshire Fabrics, Inc.,* 271 F.2d 402, 404–09 (2d Cir. 1959). Enforcement of arbitration under the Federal Arbitration Act will not be denied as to the two parties to the arbitration clause even when other parties to the dispute cannot be ordered to arbitrate. *Hamilton Life Insurance Co. v. Republic National Life Insurance Co.,* 408 F.2d 606, 609 (2d Cir. 1969). Therefore, Arvada's claim against ECI does not prevent enforcement of Arvada's promise to arbitrate with Eby.

For these reasons, Arvada's motion to stay arbitration is denied.

II. *Arvada's Motion to Join ECI to the Arvada-Eby Arbitration.*

Arvada next argues that, if it must arbitrate with Eby, ECI should be joined in that arbitration to resolve the

---

1. *See* 9 U.S.C. § 2, which provides that an arbitration clause in a contract involving interstate commerce "shall be *valid, irrevocable, and enforceable,* save upon such grounds as exist in law or in equity for the *revocation* of any contract (emphasis added)."

**451**

Arvada-ECI dispute. A party cannot be forced to arbitrate unless it has expressly agreed to arbitrate. *Albers Milling Co. v. Barge Antone F*, 487 F.Supp. 37, 40 (W.D. Wash.1980). The Arvada-ECI contract contains no arbitration clause, and ECI's counsel stated at oral argument that ECI would not consent to arbitration. Therefore, Arvada's motion to join ECI as a party to the Arvada-Eby arbitration is denied.

### III. *Enforcement of Arvada's Promise to Arbitrate.*

In light of the preceding discussion, and because the record in this case clearly demonstrates that the Arvada-Eby contract involves interstate commerce and contains an arbitration clause, Eby's petition to compel arbitration is granted. Arvada and Eby shall arbitrate their dispute, and this action is hereby stayed pending that arbitration. Arvada may pursue its state court suit against ECI.

Accordingly,

IT IS ORDERED that the City of Arvada's motions to stay arbitration or to join PRC Engineering Consultants, Inc. in the arbitration between Martin K. Eby Construction Co., Inc. and the City of Arvada are denied.

It is further ORDERED that Martin K. Eby Construction Co., Inc.'s petition to compel arbitration is granted.

It is further ORDERED that this action is stayed pending resolution of the arbitration between Martin K. Eby Construction Co., Inc. and the City of Arvada.