STILLWATER LEASED HOUSING AS-SOCIATES, etc., et al., Respondents,

v.

KRAUS–ANDERSON CONSTRUCTION COMPANY, (formerly Kraus-Anderson of Minneapolis, Inc.), Appellant.

No. 81–323.

Supreme Court of Minnesota.

May 21, 1982.

Moore, Costello & Hart, Larry A. Hanson and David A. Kastelic, St. Paul, for appellant.

Stacker, Ravich & Simon and David E. Oslund, St. Paul, for respondents.

YETKA, Justice.

This case involves an appeal from an order favoring respondents which stayed arbitration proceedings initially requested by the appellant. We reverse the district court and remand for the issuance of an order to compel arbitration.

Kraus-Anderson Construction Company (Kraus-Anderson) and Stillwater Leased Housing Associates (Stillwater) entered into a construction contract dated November 17, 1978. Under the contract, Kraus-Anderson agreed to perform the work involved in the construction of a 7-story, 96-unit apartment project in Stillwater, Minnesota, to be known as "Stillwater Leased Housing for the Elderly." The construction contract included the following arbitration provision:

Section 1204. Arbitration. Notwithstanding the provisions of Subparagraph 7.9.1 of Article 7 of said AIA General Conditions, those claims, disputes and other matters in question between the Owner and the Contractor, only, arising out of, or relating to this Construction Contract or the breach thereof, except as set forth in Subparagraph 2.2.11 of said AIA General Conditions with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided in Subparagraphs 9.9.4 and 9.9.5, of said AIA General Conditions, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining, unless the parties to this Construction Contract mutually agree otherwise. This Agreement to arbitrate between Owner and Contractor shall be specifically enforceable under the prevailing Arbitration Law. The award rendered by the arbitrators shall be final, and judgment may be entered in accordance with applicable law in any court having jurisdiction thereof.

The design for the project, as well as the plans and specifications for the construction of the building, were prepared by the architectural firm of Hammel, Green and Abrahamson, Inc. (HGA). Stillwater's agreement with HGA included an arbitration provision. Stillwater also hired Geotechnical Engineering Corporation (Geotechnical) to perform soil testing and analysis services prior to the award of the construction contract to Kraus-Anderson. Geotechnical generated several reports summarizing its investigations. Some of these reports, which related to the types and stability of soils to be found at the site and to subsurface water conditions, were apparently incorporated in the plans and specifications prepared by HGA and employed by Kraus-Anderson. The agreement between Stillwater and Geotechnical did not include an arbitration provision.

Kraus-Anderson filed a Demand for Arbitration on December 23, 1980, in accordance with arbitration provision 1204 of its con-

tract with Stillwater. Specifically, Kraus-Anderson claimed that it had incurred additional costs and delays due to water and soil conditions that differed from the conditions described in the documents and reports furnished Kraus-Anderson by Stillwater for the project. Therefore, Kraus-Anderson sought an additional $151,553, plus interest, and a 99-day time extension under the "changed conditions" clause of the contract. Kraus-Anderson also sought $86,981.86 as wrongfully withheld liquidated damages and $10,000 in earned, but unpaid, proceeds.

On February 12, 1981, Stillwater, in response to Kraus-Anderson's arbitration demand, brought a motion in Hennepin County District Court pursuant to Minn.Stat. §§ 572.09(b) and 572.23 (1980) for a stay of these arbitration proceedings. In support of its motion, Stillwater asserted that: (1) Kraus-Anderson's claim was not within the scope of the arbitration agreement, and (2) that under *Prestressed Concrete, Inc. v. Adolfson & Peterson, Inc.*, 308 Minn. 20, 240 N.W.2d 551 (1976), the district court had discretion to stay arbitration proceedings in order to consolidate related claims.

By its order of February 27, 1981, the district court stayed the arbitration proceeding. The court indicated that it was not necessary to determine whether Kraus-Anderson's claim was within the scope of the agreement to arbitrate. Instead, the court relied entirely upon Stillwater's second argument and stayed the arbitration proceeding in order that Stillwater could consolidate its claims of indemnity against HGA and Geotechnical. This appeal is from that order.

The issue raised on this appeal is whether the trial court erred by staying arbitration proceedings commenced pursuant to an arbitration agreement when the potential exists for multiparty litigation concerning the same issues involved in the arbitration.

Both parties to this suit and the district court recognized that *Prestressed Concrete, Inc. v. Adolfson & Peterson, Inc.*, 308 Minn. 20, 240 N.W.2d 551 (1976) (hereinafter *Prestressed*), was central to the resolution of this issue. *Prestressed* involved a suit for damages in which only two of five parties, a school and an architectural firm, had agreed by contract to arbitrate any disputes arising out of a parking lot project. This court affirmed the trial court's order refusing to compel arbitration, noting that arbitration should not be favored where: (1) three of the parties and some of the main issues were not subject to arbitration; (2) arbitration would increase delay, complexity, and costs; and (3) arbitration would jeopardize a competing policy, the rules of civil procedure providing for consolidation of related claims and parties.

Kraus-Anderson argues that the district court is limited by the Uniform Arbitration Act [1] in determining whether an agreement to arbitrate exists. The act provides in part:

(a) On application of a party showing an agreement described in section 572.08, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

(b) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

Minn.Stat. § 572.09(a)–(b) (1980). While Kraus-Anderson urges that these statutory provisions are mandatory, this court has previously allowed for judicial discretion and the balancing of considerations in the

1. Minnesota was the first state to adopt the Uniform Arbitration Act. *See* Uniform Arbitration Act, ch. 633, §§ 1–24, 1957 Minn.Laws 849, 849–56 (codified as Minn.Stat. §§ 572.-08–.30 (1980)).

application of these provisions. *See Prestressed*, 308 Minn. 20, 240 N.W.2d 551 (1976).

In the present case, Kraus-Anderson is seeking additional costs and time extensions because the water and soil conditions were apparently not as represented in the documents furnished them by Stillwater. Stillwater has acknowledged that it will seek indemnity from HGA and Geotechnical if found liable. It is also likely that if HGA is held liable, it will seek indemnity from Geotechnical, the original conductor of the soil and water tests. Geotechnical cannot, however, be forced to participate in any arbitration proceeding because it does not have an arbitration agreement with any of the other parties.

The respondents contracted for arbitration with the appellant, yet now seek to avoid that contractual responsibility. If we condone that position, it will seriously undermine the status of arbitration in this state. An owner could simply have arbitration clauses in all of its contracts save one and then cite *Prestressed* as grounds for avoiding arbitration and seek redress in the court. If it felt it had a better chance at arbitration, it could select that route. We cannot agree with such a position.

It is not enough to say, as did counsel for the respondents at oral argument, that if the contractor really intends arbitration, he can use language indicating that his arbitration clause will be honored regardless of whether the owner has arbitration clauses with other contractors. We doubt whether such a clause would be honored by the trial court given the interpretation placed on *Prestressed* by the trial court in this case.

 Accordingly, we must make it clear that arbitration is highly favored as a means of resolving disputes. *Zelle v. Chicago & N. W. Ry.*, 242 Minn. 439, 65 N.W.2d 583 (1954). We therefore hold that when an arbitration agreement is made and the dispute is clearly within the scope of arbitration, as is the case here, both parties should be compelled to honor their agreement and to arbitrate their differences contingent on application of the *Prestressed* balancing test.

 An application of the factor balancing test set forth in *Prestressed* to the present case clearly places the balance on the side of the interests of those seeking, and the policies supporting, arbitration. We note that the use of this balancing test involves no more than a consideration of all the factors in any dispute and a determination that either arbitration or trial should result.

Accordingly, the district court order granting the motion to stay arbitration must be reversed. Stillwater is ordered to proceed to arbitration with Kraus-Anderson forthwith.

Reversed and remanded for the issuance of an order to compel arbitration.

KELLEY, J., took no part in the consideration or decision of this case.