Kristie A. **FOGARTY**, Appellee,

v.

**Richard D. PIPER and Merrill Lynch, Pierce, Fenner & Smith, Inc., Appellants.**

**Judy Fogarty ARZT**, Appellee,

v.

**Richard D. PIPER and Merrill Lynch, Pierce, Fenner & Smith, Inc., Appellants.**

Nos. 84–5110, 84–5111.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1985.

Decided July 15, 1985.

---

James B. Vessey, Minneapolis, Minn., for appellants.

Robert J. Hennessey, Minneapolis, Minn., for appellee.

Before ROSS and BOWMAN, Circuit Judges, and OLIVER,* District Judge.

ROSS, Circuit Judge.

Appellants, Richard Piper and Merrill Lynch, Pierce, Fenner & Smith, Inc. appeal from the order of the district court for the District of Minnesota[1] dated May 17, 1984, denying Merrill Lynch's and Piper's motion to compel arbitration of appellees', Kristi Fogarty and Judy Fogarty Arzt, state law claims. Appellants also appeal the denial of their motion to stay the judicial proceedings pending the requested arbitration. Jurisdiction is invoked pursuant to 28 U.S.C. § 1292(a)(1). On appeal Merrill Lynch urges that the case should be remanded, since the district court erred in not compelling arbitration of purely state law claims in accordance with the contract. Because Judge Lord made no findings of fact or conclusions of law as contemplated by

FED.R.CIV.P. 52(a) for this court to review, we must remand for further proceedings.

The facts are undisputed. Kristi Fogarty and her sister Judy Fogarty Arzt each received trust assets in the form of various stocks, amounting to approximately $120,000.00 each. In December 1979 the Fogarty sisters opened option accounts with Merrill Lynch. They signed customer agreements and standard option agreements. These agreements contained arbitration clauses. The option accounts decreased in value over the next few years, and in December 1982 the Fogartys filed suit in Minnesota state court under Minnesota state securities laws. Merrill Lynch petitioned for removal and was successful in removing the case to United States District Court on the basis of diversity.

Neither party pled arbitration and the case proceeded with discovery in district court. On April 23, 1984, Merrill Lynch sent a written letter to the Fogartys demanding that they arbitrate. This demand was rejected and Merrill Lynch filed a motion to compel arbitration and for a stay of judicial proceedings pending arbitration. Judge Lord entered an order denying the motion but failed to state his reasons for the denial.[2]

On appeal Merrill Lynch argues that (1) the record demonstrates no legal or factual basis for Judge Lord's order and therefore this court should remand and compel arbitration; (2) Merrill Lynch did not waive its rights by failing to plead arbitration as an affirmative defense, and (3) Merrill Lynch acted consistent with its right to arbitrate both before and after the case of *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).

With regard to the last two points, Merrill Lynch contends that prior to the *Keating* decision, the case of *Kiehne v. Purdy*,

---

* The HONORABLE JOHN W. OLIVER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

**1.** The Honorable Miles W. Lord, presiding.

**2.** The order talks about a "ruling read into the record at the hearing." However, no record was presented on appeal and our efforts at locating such a record have proved to be fruitless.

309 N.W.2d 60 (Minn.1981) was controlling. The law in Minnesota under *Purdy* barred arbitration of Minnesota Securities Act claims and related common law claims. *See Purdy, supra,* 309 N.W.2d at 61–62. In 1984 the Supreme Court decided the *Keating* case which prohibits states from invalidating arbitration clauses that are otherwise valid under the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1982). Following the *Keating* decision, Merrill Lynch moved to compel arbitration.[3]

The Fogartys argue that *Purdy* never was controlling on the arbitrability question. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). Consequently, it is urged, Merrill Lynch could have moved to compel arbitration at the outset of the lawsuit, and this, coupled with extensive discovery, constitutes waiver.

Following oral argument in this case, the Supreme Court decided *Dean Witter Reynolds, Inc. v. Byrd,* ― U.S. ―, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). In *Dean Witter,* Byrd invested funds with Dean Witter and signed an agreement requiring arbitration of any controversies. The court found that when a complaint raises both federal securities claims and pendent state claims, and where a party moves to compel arbitration, "the Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Id.* 105 S.Ct. at 1241. Merrill Lynch argues that this case is further support that arbitration agreements are to be fully enforced. Both parties agree, however, that *Dean Witter* does not deal with the waiver issues.

 One of the purposes of Rule 52 is to facilitate appellate review. *Finney v. Arkansas Board of Correction,* 505 F.2d

194, 212 n. 15 (8th Cir.1974). Generally, failure to make these findings necessitates a remand. *Rule v. International Ass'n of Bridge, Structural and Ornamental Ironworkers, Local Union No. 396,* 568 F.2d 558, 568 (8th Cir.1977). The findings of fact and conclusions of law should be such that they "furnish this Court with a clear understanding of the grounds upon which the district court based its decision." *Cross v. Pasley,* 267 F.2d 824, 826 (8th Cir.1959).

 The district court made no findings of fact or conclusions of law in this case. Consequently, we are unable to review the parties' contentions on appeal. Accordingly, we remand to the district court with directions that the court make the appropriate findings of fact and conclusions of law on the following issues:

(1) State the legal and factual basis for the order denying the motion to compel arbitration.

(2) Discuss whether Merrill Lynch waived its right to arbitrate by (a) its failure to plead arbitration as an affirmative defense, or (b) by acting inconsistently with its right to arbitrate both before and after *Southland Corp. v. Keating, supra.*

(3) The effect of *Dean Witter Reynolds, Inc. v. Byrd, supra,* on this case.[4]

(4) Whether the depositions already taken in preparation for trial could be used in the arbitration proceeding.

These additional findings and conclusions shall be certified to this court as a supplemental record. Jurisdiction is therefore retained.

Remanded with instructions.

---

3. Merrill Lynch continued to engage in the discovery process after the *Keating* decision in order to comply with Judge Lord's discovery deadlines.

4. We note that the district court decided this case prior to the issuance of *Dean Witter v.*

*Byrd,* ― U.S. ―, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). Since we are remanding the case for further fact findings, it is appropriate that the district court discuss this issue in conjunction with these findings.