FOUST ET AL V. HASTINGS.

1. **Arbitration :** SUBMISSION UNDER STATUTE: JUDGMENT ON AWARD. If parties design to ask the aid of the courts for judgment upon an award of arbitrators, the agreement to submit to arbitrators must specify the court in which the judgment is to be rendered, (Code, § 3417,) and must in other respects conform to the requirements of the statute.

2. ———: SUBMISSION AT COMMON LAW: ACTION ON AWARD: DEPARTURE FROM AGREEMENT. Parties may, without complying with the statute, make such a submission to arbitrators, either by parol or in writing, as will be binding upon them; and in such case an action may be maintained on the award; (see cases cited in opinion; ) and departures from the agreement, which in no manner affect the right of the parties, will not defeat the action.

3. ———: ———: JUDGMENT ON AWARD: EVIDENCE TO SUPPORT ON APPEAL. This court is not authorized to disturb a judgment in an action at law on a common law award, unless it is plainly and palpably unsupported by the evidence.

*Appeal from Buchanan Circuit Court.*

THURSDAY, JUNE 11.

IT appears from the record in this case that the plaintiffs and defendant were engaged in farming and stock-raising, and that differences arose between them, and that some two or three suits were pending in the courts, growing out of their business relations. Pending these suits, the parties entered into an agreement to arbitrate all differences between them, and to submit to the award to be made by the arbitrators chosen by them. The arbitrators, after having heard the evidence, filed an award. This action is brought by the plaintiffs to recover a judgment thereon. There was a trial by the court, and judgment was rendered for the plaintiffs. Defendant appeals.

*H. W. Holman, John J. Ney* and *H. Boies,* for appellant.

*Charles E. Ransier,* for appellees.

ROTHROCK, J.—I. The agreement to arbitrate, so far as material to the questions involved in this appeal, is as follows: "Whereas, differences have for a long time existed and are now existing between Eliza Foust and Levi Foust, of Buchanan county, first parties, and D. C. Hastings, of same place, second party, and between each of said parties individually and the said second party, in relation to divers subjects of controversy and dispute growing out of business transactions between the said parties: now, therefore, we, the said Eliza Foust and Levi Foust, jointly and severally, first parties, and D. C. Hastings, do mutually convenant and agree to and with each other that M. C. Wells and Robert Sampson, of said county,—and if either or both of said arbitrators refuse to act, their place to be supplied by some person or persons agreed upon by us,—and a third person to be by the said arbitrators named, shall arbitrate, award, determine, order and adjudge of and concerning all and all manner of actions, causes and causes of action, suits, controversies, claims and demands whatsoever, now pending and existing or held, by and between us, or either of us, the said parties; and we do mutually convenant and agree to and with each other that the said arbitrators shall have full power to examine witnesses or property; to hear and determine any and all questions in said controversy; that the parties may appear in person and by attorney; and that the award to be made by the said arbitrators shall in all things by us, and each of us, be well and faithfully kept; provided, however, that the said award be made in writing under the hands of the said arbitrators, within thirty days from date of final submission to them, and filed with the clerk of the district court of Buchanan county; and that such decision shall be final of all matters submitted, without the right to appeal, or exceptions to the court by either party.      *      *      *"

This agreement was signed by the parties and duly acknowledged. The parties appeared before the arbitrators in person and by counsel, and a full hearing was had, pleadings

were filed, evidence introduced, and a trial was had, as we infer from the record, very much in the same form as a trial is conducted before a court or referees. Pending this trial an agreement in writing was filed, signed by the attorneys of the respective parties, fixing the time within which counsel should file arguments in the case, and providing that the arbitrators should have until September 25, 1882, to make the award and file their findings in the office of the clerk of the circuit court of Buchanan county. During the trial before the arbitrators the parties waived the calling of a third arbitrator, and this modification of the original agreement of submission was made part of the record of the proceedings. The costs of the trial and investigation before the arbitrators amounted to $183.

On the twenty-fifth day of September, 1882, the arbitrators filed their award with the clerk. It was filed as in the district court. The award was as follows: "We, the undersigned arbitrators, duly agreed upon by the parties to the above action, in accordance with the annexed agreement, after carefully examining the pleadings herein filed, and considering the evidence and arguments of counsel, make the following award in accordance with our findings, to-wit: We find that the defendant is indebted to the plaintiffs in the sum of five hundred dollars. We find that the personal property now in possession of plaintiffs, to-wit, (cows, mares, etc.,) is the property of plaintiffs, freed from the lien of the levy made thereon by the sheriff of Buchanan county, Iowa, under and by virtue of an execution in favor of H. P. Browne, cashier, for the use of C. Hastings. We therefore award the said plaintiffs a judgment against defendant for the said sum of five hundred dollars, together with the costs of this proceeding, taxed at —— dollars, and for the aforesaid personal property, described as follows, to-wit, (property again described,) and that the money in the hands of E. W. Hastings, the receiptor of the property in controversy, arising from the sale of hogs and clo-

ver-seed, or so much thereof as may be necessary, shall be paid into court and applied to the payment of the judgment for costs and debt hereby rendered against defendant. All of which, together with the pleadings, exhibits and arguments of counsel are hereby respectfully submitted by the arbitrators, "ROBERT SAMPSON.

"M. O. WELLS."

It is claimed by counsel for appellant that the parties intended to arbitrate their differences under the statute, and, as much of the argument is based upon this assumption, we will first determine the nature of the submission. The agreement to submit does not provide that a judgment may be rendered upon the award. This fact of itself is sufficient to show that a statutory submission was not intended. The like intention is shown in the agreements and stipulations entered into pending the trial before the arbitrators. They changed the terms of the submission without the formality required by statute to make a valid statutory submission. If parties design to ask the aid of the courts for judgment upon an award of arbitrators, the submission to arbitrators must be in the manner required by the statute. The statute requires that a submission under its provissions must specify the court in which the judgment on the award is to be rendered. Code, § 3417. But when no such aid as a judgment on the award is provided for in the submission, parties may, without complying with the statute, make such a submission as will be binding upon them, and an action may be maintained upon the award. And such a submission may be made by parol without writing. *Conger v. Dean*, 3 Iowa, 463. See, also, *Fink v. Fink*, 8 Id., 312; *Love v. Burns*, 35 Id., 150.

> 1. ARBITRATION: submission under statute: judgment on award.

The submission must be regarded as a common-law submission; and the questions made as to the filing by the clerk of the agreement entered into by counsel pending the trial before the arbitrators, and the date of the filing of the award, are immaterial. They are such departures from the original submission

> 2. ———: submission at common law: action on award: departure from agreement.

as in no manner affected the rights of the parties, and are proper only to be considered in a statutory arbitration.

II. The award made by the arbitrators purports to be a full and complete determination of the rights of the parties.

3. ——: ——: judgment on award: evidence to support on appeal.

It recommends a judgment in favor of the plaintiff, and against the defendant, of $500, and adjusts the rights of the parties in certain personal property. It was competent evidence to sustain the allegations of plaintiffs' petition. To defeat a recovery thereon it was necessary for the defendant to impeach the award in some proper manner. We do not think this was done. The action was at law upon the award, and this court is not authorized to disturb the judgment unless it is plainly and palpably unsupported by the evidence. It is useless to discuss the evidence in detail; it is enough to say that we think the court below did not err in finding for the plaintiffs.

AFFIRMED.