J. J. RUSSELL *et al.*, Appellants, v. W. B. TORBET *et al.*, Appellees.

Homestead: PRACTICE IN SUPREME COURT: ARGUMENT.

*Appeal from Louisa District Court.*—HON. D. RYAN, Judge.

FRIDAY, OCTOBER 24, 1890.

WILLIAM B. and Nancy P. Torbet are brother and sister, and are defendants in this suit. William B. Torbet was the owner of two pieces of land, one containing eight and one-half acres and the other six and one-half acres. While owning said lands, William B. Torbet became indebted to the plaintiffs, who are now judgment creditors of said Torbet. After the indebtedness arose, and before the judgments were obtained thereon, William B. Torbet transferred the lands in question to his codefendant, Nancy P. Torbet. This action is to set aside the conveyance of the lands, and declare them subject to execution upon the judgments obtained, on the ground that the transfer was collusively fraudulent as to the plaintiffs. The answer denies the fraud, and avers a homestead right as to the eight and a half acre tract in William B. Torbet. The district court found for the plaintiff as to the fraudulent transfer of the property, and for William B. Torbet under his claim of a homestead right, and gave judgment accordingly, from which the plaintiffs appeal.

*E. W. Tatlock*, for appellants.

No appearance for appellee.

GRANGER, J.—We readily concur in the conclusion of the district court that the transfer of the lands was fraudulent and void. The question of homestead exemption alone remains to be considered. This question, in its legal aspect, is nice and important. The announcement of legal rules, to serve as precedents, is of so much importance that the greatest care should be observed in the performance of the duty. An almost indispensable requisite, as an aid to the court, is a carefully prepared brief and argument. If an appellant neglects to furnish this aid, we assume he has abandoned his appeal or claims in this court, and without other reasons affirm the action of the court below. A like rule has not been applied against an appellee with such neglect, but his case is examined and determined with such care as its importance demands, and our time will admit of. The result, however, is always reached with greater liability to error, and, while a conclusion must be reached and announced, it is done with a conviction of such liability,

and of the necessity of avoiding it as far as practicable. If appellees neglect to aid us, and our conclusions are against them, they cannot justly complain that they are not favored with our reasons, and an elaborate statement of the facts. The homestead claim in this case is based on an occupancy by brother and sister, and under a state of facts new and somewhat peculiar. In view of the record, and the absence of an argument for appellees, we content ourselves with the announcement that, with our examination of the record, we do not find the facts necessary to sustain the averment of a homestead right in William B. Torbet, and that plaintiffs are entitled to a decree subjecting the premises to their judgment. REVERSED.