## PROVO CITY v. PARAMOUNT THEATER CO.

No. 4675. Decided February 10, 1930. (285 P. 645.)

*J. W. Robinson,* of Provo, for appellant.

FOLLAND, J.

Defendant was convicted of violation of a city ordinance of Provo City. It appeals and urges the invalidity of the ordinance. Appellant filed a brief which prima facie supports its assignments of error. The respondent has filed no brief. It has offered no excuse for its failure, nor has it sought to be relieved from its default in this respect.

Rule 10 of the Rules of Practice of the Supreme Court requires the appellant and respondent, within a fixed time, to each prepare, serve, and file "points and authorities in the form of a printed brief." The rule further provides "for failure of respondent to file his briefs as required by this rule he shall not be heard on the merits of the cause."

This case first appeared on the court's calendar for February, 1928, but upon stipulation of counsel it was continued to the October, 1928, term. No one appeared for either side to present the case when it was called at the time set in the October, 1928, term, and the court, sua sponte, continued

it to the next term of court. It again was called, after setting and notice to counsel, in the February, 1929, term, but no one appeared to present the case and it was taken under advisement. The adjudication of the case, involving as it does the power of cities to enact ordinances with respect to motion picture shows, is of such far-reaching importance that the greatest care should be taken in announcing the principles of law applicable.

In every case this court is entitled, as an almost indispensable aid, to carefully prepared briefs and argument. This is particularly true with respect to cases involving matters of government and powers of municipalities.

The conduct of respondent amounts to a confession that the assignments of error relied on by appellant are well taken. In justice to appellant we are required to dispose of the case. The duty does not rest upon us, unless we in our discretion choose to assume it, to search the record and the authorities to find reasons to sustain the judgment of the trial court. 3 C. J. 1446; *Berkshire* v. *Caley,* 157 Ind. 1, 60 N. E. 696; *Dixon* v. *Wingfield* (Okl. Sup.) 280 P. 1071; *Russell* v. *Torbet,* 81 Iowa 754, 46 N. W. 1095. Under the circumstances we deem it unwise to write an opinion, construing the law with respect to municipal powers, which will serve as a precedent to guide or control municipal legislative officers in the exercise of their discretionary duties, where no representative of any city or any one else has appeared to defend the right sought to be exercised.

Since respondent has failed to aid us and has suggested no reason for the affirmance of the judgment, the judgment is reversed and the case remanded to the district court with directions to discharge the defendant.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.