COUNTY OF JEFFERSON, Iowa, a Political Subdivision of the State of Iowa, Appellant,

v.

BARTON–DOUGLAS CONTRACTORS, INC., an Iowa Corporation, AAA Mechanical Contractors, Inc., an Iowa Corporation, Wayne Mayhew, d/b/a Mayhew Electric, Merchants Mutual Bonding Company, an Iowa Corporation, Hawkeye-Security Insurance Company, an Iowa Corporation, Insurance Company of North America, a Pennsylvania Corporation, Design Associates, an Iowa Partnership, William V. Hukill, Bruce G. Alexander and Richard L. Doak, d/b/a Design Associates, and Moore-Bingham & Associates, Inc., an Iowa Corporation, Appellees.

No. 62506.

Supreme Court of Iowa.

Aug. 29, 1979.

**156**

Larry A. Hanson and David E. Oslund, of Moore, Costello & Hart, St. Paul, Minn. and Edwin F. Kelly, County Atty., for appellant.

Jerry L. Lovelace, Iowa City, for appellee AAA Mechanical Contractors, Inc.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, McCORMICK and McGIVERIN, JJ.

McCORMICK, Justice.

We granted interlocutory appeal to determine whether the trial court erred in dissolving a temporary injunction restraining defendant AAA Mechanical Contractors, Inc., from submitting to arbitration its portion of the construction contract dispute involved in this multiparty litigation. We find that the dispute should be litigated rather than arbitrated so the entire controversy can be resolved in one forum. Therefore we reverse the trial court.

Plaintiff County of Jefferson brought this action against an architectural firm, an engineering firm, and various contractors and sureties, seeking damages based on its dissatisfaction' with their performance in the construction of a county care facility. Design Associates is the architectural firm; Moore-Bingham & Associates, Inc., is the engineering firm; Barton-Douglas Contractors, Inc., AAA Mechanical Contractors, Inc., and Wayne Mayhew are the contractors; Insurance Company of North America (INA), Merchants Mutual Bonding Company, and Hawkeye-Security Insurance Company are the sureties.

Plaintiff entered into individual contracts with Design Associates, Barton-Douglas, AAA Mechanical and Wayne Mayhew. Moore-Bingham was employed by Design Associates and did not have a contract with plaintiff. INA, Merchants Mutual and Hawkeye-Security are the contractors' performance bond sureties.

The petition alleged breach of contract and negligence against Design Associates, Barton-Douglas, AAA Mechanical and Mayhew through defective design, deficient performance and delay. A similar claim was made against Moore-Bingham based on negligence alone. The sureties were alleged to be liable on the performance bonds. Plaintiff asked joint and several judgment against all defendants for $250,000.

Plaintiff averred separately that its four contracts contained arbitration clauses which did not comply with the requirements of chapter 679, The Code. It alleged that AAA Mechanical filed a demand for arbitration, insisted on pursuing it, and would not consent to joint arbitration. Asserting a danger of inconsistent results and the additional expense of having to litigate the same issues in multiple forums, plaintiff asked that defendants be enjoined from undertaking arbitration proceedings.

An ex parte injunction was issued against AAA Mechanical on the strength of plaintiff's affidavit supporting the allegations of the petition. After hearing, the trial court sustained AAA Mechanical's motion to dissolve the injunction. We now review that interlocutory ruling.

We note two preliminary problems before doing so. First, the trial court gave no reason for its ruling dissolving the temporary injunction. Therefore we do not know the basis of the ruling. Second, AAA Mechanical did not file an appellee's brief until the date this appeal was submitted, more than five months after the appellant's brief was filed. No order extending the time was obtained. Because of this violation of Iowa R.App.P. 13(a), we strike appellee's brief and give no consideration to it.

■ This is an appropriate case for applying principles adopted in *Bowen v. Kaplan*, 237 N.W.2d 799 (Iowa 1976), for the situation in which an appellee fails to file a brief. That failure does not entitle the appellant to reversal as a matter of right but does provide a basis for other sanctions. Ordinarily we will not search the record for a theory upon which to affirm the trial court. We may confine our consideration to issues raised in the appellant's brief or treat the appellee's failure to file a brief as a concession of claims made by the appellant, depending upon their apparent merit. *Id.* at 801. *See also Russell v. Torbet*, 81 Iowa 754, 754–55, 46 N.W. 1095, 1095 (1890).

We faced the same problem in *Pringle Tax Service, Inc. v. Knoblauch*, 282 N.W.2d 151 (Iowa 1979), filed separately this date.

■ In this case, we elect to limit our consideration to the issues and arguments in the appellant's brief.

■ Plaintiff urges two contentions in seeking reversal. One is that the arbitration agreements do not comply with chapter 679 and hence are revocable. The other is that the policy of our law which favors resolution of related claims in one proceeding requires an injunction against the attempt by AAA Mechanical to have its dispute decided separately through arbitration.

The arbitration agreements in this case do not meet the requirements of section 679.2, The Code. It provides:

The parties themselves, or those persons who might lawfully have controlled a civil action in their behalf for the same subject matter, must sign and acknowledge a written agreement, specifying particularly what demands are to be submitted, the names of the arbitrators, and court by which the judgment on their award is to be rendered.

The contracts here incorporate by reference the Construction Industry Arbitration Rules of the American Arbitration Association as the means of settling contract disputes. The contract signatures are not acknowledged, and the contract does not specify what demands are to be arbitrated, name the arbitrators, nor identify the court by which judgment on the arbitration award is to be rendered. Therefore the agreements cannot be enforced on a statutory basis. *Koht v. Towne*, 201 Iowa 538, 207 N.W. 596 (1926) (absence of acknowledgement); *Love v. Burns*, 35 Iowa 150 (1872) (failure to designate court for rendition of judgment).

■ Agreements for arbitration which do not comply with statutory requirements are governed by common-law principles. *First National Bank v. Clay*, 231 Iowa 703, 712, 2 N.W.2d 85, 90 (1942); *Foust v. Hastings*, 66 Iowa 522, 525–26, 24 N.W. 22, 24 (1885).

We have consistently followed the general common-law rule that an executory arbitration agreement is revocable at any time. *See Joseph L. Wilmotte & Co. v. Rosenman Bros.*, 258 N.W.2d 317, 325 (Iowa 1977).

Plaintiff purported to revoke the arbitration provision of its contract with AAA Mechanical in the present case. Therefore, if the common-law rule remains viable, AAA Mechanical's effort to pursue arbitration is invalid and cannot affect plaintiff's right to litigate the dispute.

The question of changing the common-law rule was recently discussed in specially concurring and dissenting opinions in *Johnson v. Fireman's Fund Insurance Co.*, 272 N.W.2d 870 (Iowa 1978), in the context of a general provision for arbitration of future disputes under the uninsured motorist coverage of an insurance policy. However, the question was not answered in *Johnson*, and we do not believe it is necessary to answer it here. Even if common-law agreements to arbitrate future disputes were generally enforceable, enforcement should be denied in this case.

■ We favor arbitration as a means by which parties may avoid the formalities, delay and expense of litigation by resolving their disputes in a tribunal of their choice. *Hawkins/Korshoj v. State Board of Regents*, 255 N.W.2d 124, 127 (Iowa 1977). However, we also favor joinder of all related causes to permit them to be resolved in one forum at one time. This policy is reflected in our rules of civil procedure. *See Mauer v. Rohde*, 257 N.W.2d 489, 494 (Iowa 1977) (Iowa R.Civ.P. 24(a)); *Lucas v. Pioneer, Inc.*, 256 N.W.2d 167, 174–75 (Iowa 1977) (Iowa R.Civ.P. 42); *Ambrose v. Harrison Mutual Insurance Association*, 206 N.W.2d 683, 685–86 (Iowa 1973) (Iowa R.Civ.P. 23, 25(a), 26 and 28); *Schimerowski v. Iowa Beef Packers, Inc.*, 196 N.W.2d 551, 555 (Iowa 1972) (Iowa R.Civ.P. 75).

■ In the present case, plaintiff had arbitration agreements with four of the eight defendants, but only one of them, AAA Mechanical, invoked arbitration. That defendant refused to agree to joint arbitration, insisting on its right to have its dispute with plaintiff determined independently. The arbitration issue was also raised in a motion to dismiss filed by defendants Barton-Douglas and INA.

Resisting arbitration in these circumstances, plaintiff points out that its claims against all defendants arise from the same construction project and involve common issues and evidence. In addition to the duplication of effort, delay and extra expense which would be inevitable if the claims had to be pursued in multiple proceedings, plaintiff is concerned about being whipsawed by defenses in individual proceedings based on shifting responsibility to non-parties. Plaintiff is also worried about the possibility of inconsistent results. We believe these fears are justified.

In these circumstances, the policy favoring joinder of claims to permit them to be decided in one forum at one time overrides the policy favoring arbitration. Indeed, allowing AAA Mechanical to arbitrate its dispute separately would increase rather than decrease the risk of complexity, delay and expense.

In Minnesota, where common-law arbitration agreements will ordinarily be enforced, the court refused to compel arbitration in circumstances analogous to those here. *See Prestressed Concrete, Inc. v. Adolfson & Peterson, Inc.*, 308 Minn. 20, 240 N.W.2d 551 (1976). That case, like this one, involved complex multiparty litigation in which one party sought to compel arbitration pursuant to contract. The court posed the issue as "the extent to which an arbitration agreement binding two of the parties should be enforced when their interests and the policies supporting arbitration are balanced against the interests of the other parties and the policies supporting joinder of parties and claims." *Id.* at 22, 240 N.W.2d at 552. The court resolved the clash of policies by refusing to compel arbitration, holding "[w]here arbitration would increase rather than decrease delay, complexity, and costs, it should not receive favored treatment." *Id.* at 24, 240 N.W.2d at 553.

The same view is expressed in *Ford Motor Co. Ltd. v. M/S Maria Gorthon*, 397 F.Supp. 1332, 1337 (D.Md.1975) ("Since economy of time and expense is a factor favoring arbitration, it should also be a

reason for denying arbitration when arbitration would defeat the goals it was meant to further."). *But see Travel Consultants, Inc. v. Travel Management Corp.*, 125 U.S. App.D.C. 108, 113, 367 F.2d 334, 339 (D.C. Cir. 1966), *cert. denied,* 386 U.S. 912, 87 S.Ct. 861, 17 L.Ed.2d 785 (1967); *Almacenes Fernandez, S. A. v. Golodetz*, 148 F.2d 625, 629 (2d Cir. 1945).

This concept has been more fully developed in England where the enforceability of contracts to arbitrate future disputes has been recognized since passage of the Common Law Procedure Act of 1854, 17 & 18 Vict., c. 125. The English rule is that the trial court has discretion to deny arbitration if some of the parties to the action are outside the arbitration agreement and some are within, or if some of the issues are beyond the agreement, at least when the relationships and issues are closely intertwined. *See Rosenthal v. Berman*, 14 N.J. Super. 348, 352, 82 A.2d 455, 457 (App.Div. 1951). The leading case supporting this rule is *Turnock v. Sartoris*, 43 Ch.D. 150 (C.A.1889).

█ The prospect of multiple proceedings carrying a potential for inconsistent findings provides a basis for overriding the freedom to contract for arbitration. *Taunton-Collins v. Chromie*, [1964] 1 W.L.R. 633, 635–36 (C.A.); *Halifax Overseas Freighters, Ltd. v. Rasno Export ("The Pine Hill")*, [1958] 2 Lloyd's List L.R. 146, 151–52 (Q.B.); *see Rowe Brothers & Co. v. Crossley Brothers Ltd.*, 108 L.T.R.(n.s.) 11, 17 (C.A.1912). It is not sufficient to show merely that litigation might be a speedier and less expensive means of resolving the controversy.

*Willesford v. Watson*, L.R. 8 Ch. 473, 479–80 (Ch.App.1873), *aff'g* L.R. 14 Eq. 572, 577–78 (1871); *Bulk Oil (Zug) A. G. v. Trans-Asiatic Oil Ltd. S. A.*, [1973] 1 Lloyd's List L.R. 129, 136–39 (Q.B.). However, the necessary additional showing has clearly been made in the present case.

Multiple proceedings with a potential for inconsistent results are inevitable unless arbitration is stayed. The policies favoring arbitration and joinder would be subverted rather than served. Therefore we hold that the arbitration provision in plaintiff's contract with AAA Mechanical cannot be enforced in these facts.

AAA Mechanical insists on pursuing arbitration despite plaintiff's objection. The record shows that the American Arbitration Association has agreed to be bound by an injunction against arbitration even though it is not a party to this action. In these circumstances, the trial court erred in dissolving the injunction. *See* Iowa R.Civ.P. 321(b).

Plaintiff's appendix and brief do not contain cost certificates as required by Iowa R.App.P. 16(c). Expenses for printing those documents, subject to the limitation of $3.00 per page, shall not be taxed as costs until such certificates are filed.

REVERSED.