PENNSYLVANIA LIFE INSURANCE
COMPANY, Appellant,

v.

Jeffrey G. SIMONI and Timothy
P. Winders, Appellees.

No. 00–1001.

Supreme Court of Iowa.

April 3, 2002.

Lyle W. Ditmars of Peters Law Firm, P.C., Council Bluffs, for appellant.

Jeffrey A. Silver, Omaha, and Jon M. McCright, Cedar Rapids, for appellees.

TERNUS, Justice.

This interlocutory appeal concerns the enforceability of a contractual provision to arbitrate certain disputes between the contracting parties, appellant, Pennsylvania Life Insurance Company [hereinafter "Penn Life"], and two of its former agents, appellees, Jeffrey Simoni and Timothy Winders. The district court refused to require arbitration of counterclaims filed by the agents on the basis that it would be more convenient to try the counterclaims at the same time and in the same forum as the company's claims, which were not subject to the arbitration provision. On this basis, the court denied the company's motions to dismiss the agents' counterclaims.

Upon our review, we disagree with the district court's reasoning that the convenience of the parties can override a contractual provision requiring arbitration. We also reject an alternative basis upon which the agents seek to uphold the district court's rulings—waiver. We hold that the company did not waive its right to have the claims of the agents arbitrated by filing a lawsuit against the agents on claims not subject to arbitration.

Nonetheless, we uphold the district court's rulings denying dismissal at this

stage of the proceedings. We do so on the basis of the agents' contention that the arbitration provision is unenforceable because it is contained in an adhesion contract or an employment contract. Whether the written agreement between the parties is an adhesion contract or an employment contract is an issue that cannot be resolved on the pleadings, as is required for a successful motion to dismiss. Accordingly, we affirm and remand for further proceedings.

## I. *Background Facts and Proceedings.*

In 1997 and 1994, respectively, Penn Life entered into "agent agreements" with Simoni and Winders. Pursuant to these agreements Simoni and Winders represented Penn Life in the sale and service of insurance products until their contracts were terminated in 1999 and 1996, respectively.

In March 2000, Penn Life filed petitions against both agents, seeking permanent injunctive relief. Penn Life alleged that Simoni violated paragraph 11 of their agreement, which prohibited an agent from inducing any policyholder to cancel or replace any product of Penn Life for two years after termination of the agent's contract. With respect to Winders, the company asserted that he violated paragraph 6 of the contract, dealing with the use of trade secrets and confidential information by a former agent. A copy of the agent agreement was attached to each petition.

Both agents responded with a counterclaim. In count I of the counterclaims, they alleged that Penn Life breached the agent agreements by failing to pay the required renewal commissions. This claim was based on paragraph 9 of the parties' contracts, which provided that after cancellation of the agreements the agents were entitled to receive renewal commissions on the life insurance business produced by the agents while the agreements were in force. In count II of the counterclaims, the agents asserted they were employees of Penn Life and the company had failed to comply with the Fair Labor Standards Act with respect to payment of social security, withholding taxes and overtime. Only count I is at issue in this appeal.

Penn Life filed motions to dismiss count I of each counterclaim, asserting that these claims were subject to the arbitration clause in the parties' contracts and therefore must be dismissed. This contractual arbitration provision stated in pertinent part:

> Any dispute, controversy or claim between the parties hereto arising out of or relating to Sections 3, 4, 7, 8, 9 or 10 of this Agreement or an alleged breach of these sections which the parties are unable to resolve amicably shall be submitted to and settled by arbitration pursuant to the Commercial Rules of the American Arbitration Association.

The agents resisted the company's motions to dismiss on several grounds: (1) Penn Life had waived its arbitration rights by instituting the present litigation; (2) the arbitration provision was unenforceable because it was part of a contract between an employer and an employee; and (3) the arbitration provision was unenforceable because it was unconscionable and part of an adhesion contract.[1]

The trial court overruled Penn Life's motions to dismiss. It noted that the com-

---

**1.** The agents also claimed in their resistances that Penn Life was estopped from asserting its arbitration rights because it had sued the agents in court. The agents now agree that their estoppel argument is subsumed in their waiver argument.

pany's claims against the agents and the agents' counterclaims against the company were interrelated, but the company's claims were not subject to the arbitration clause. The court reasoned that "[a]ll related causes should be joined so that they can be resolved in one forum at one time." Therefore, it refused to dismiss the counterclaims so they could be arbitrated stating, "Under the circumstances here fairness to the parties dictates that all the issues between them arising out of the single agreement be resolved in the same forum."

Penn Life filed applications for interlocutory appeal.[2] While those applications were pending, the district court, pursuant to the parties' stipulation, consolidated the cases filed by Penn Life. This court then granted interlocutory review of the consolidated cases.

## II. Scope of Review.

 Review of a district court's ruling on a motion to dismiss is for correction of errors at law. *McCormick v. Meyer*, 582 N.W.2d 141, 144 (Iowa 1998). "A motion to dismiss is sustainable only when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claims asserted." *Haupt v. Miller*, 514 N.W.2d 905, 911 (Iowa 1994). For purposes of ruling on a motion to dismiss, we accept as true the facts alleged in the pleading sought to be dismissed. *Id.* at 907. Where the facts pertinent to the

determinative issue in a motion to dismiss are disputed, the case usually cannot be resolved on such a motion. *Hayden v. Ameristar Casino Council Bluffs, Inc.*, 641 N.W.2d 723, 724 (Iowa 2002).

## III. Choice of Law.

 Before we address the merits of the court's dismissal rulings, we first consider the parties' dispute as to whether Iowa or North Carolina law governs. In amendments to its petitions, Penn Life pled that North Carolina law applied, based on a contractual provision stating that the agreement was to be governed by the law of the state of North Carolina. Although the court noted in its rulings on the motions to dismiss that the contract provided that North Carolina law applied, the court relied solely on Iowa case law to support its decision. It may have done so because, as our review of the record shows, Penn Life failed to prove the law of North Carolina.

 Our cases are clear that it is not sufficient to merely plead the applicability of foreign law; it must also be proven. *In re Estate of Allen*, 239 N.W.2d 163, 169 (Iowa 1976). A party relying on foreign law may ask the court to take judicial notice of foreign statutory law and may introduce into evidence statutes or cases to prove the foreign law. *Id.; see* Iowa R. Civ. P. 1.415 (setting out procedure for judicial notice of foreign statutes); Iowa

---

**2.** Iowa Code section 679A.17(1) provides for an appeal as of right from "[a]n order denying an application to compel arbitration made under section 679A.2." Here, Penn Life chose to file motions to dismiss in lieu of following the procedure set out in section 679A.2. The denial of a motion to dismiss is not a final judgment. *State v. Addison*, 250

Iowa 712, 719, 95 N.W.2d 744, 748 (1959); *see Hodges v. Hodges*, 572 N.W.2d 549, 551 (Iowa 1997) (granting permission to appeal denial of motion to dismiss "in advance of final judgment"). Consequently, Penn Life was required to follow the steps to perfect an interlocutory appeal in this court. *See generally* Iowa R.App. P. 6.2.

Code § 622.61 (2001) (setting out procedure for proving "foreign unwritten law"). Citation to foreign opinions in a party's brief is not adequate "because it is not the introduction of evidence." *In re Estate of Allen,* 239 N.W.2d at 169; *accord EFCO Corp. v. Norman Highway Constructors, Inc.,* 606 N.W.2d 297, 300 (Iowa 2000) (noting that foreign decisional law is not subject to judicial notice, but must be proved).

■ Here, the choice-of-law question with which we are confronted arose in the context of a motion to dismiss. Therefore, the parties introduced no evidence. Nor is there anything in the record to show that the court took judicial notice of any North Carolina statute. Under these circumstances, we must apply Iowa law to resolve the dispute before us. *See EFCO Corp.,* 606 N.W.2d at 300 (holding that upon failure of party seeking to assert foreign law to prove it, the court presumes the law to be the same as its own); *In re Estate of Allen,* 239 N.W.2d at 169 (same). Our inability to apply unproven foreign law makes it unnecessary to determine the choice-of-law question presented by the parties on appeal. *EFCO Corp.,* 606 N.W.2d at 300 (refusing to decide whether Texas law governed parties' dispute because party relying on foreign law had failed to prove it); *In re Estate of Allen,* 239 N.W.2d at 168 (same). We turn now to the other issues raised on appeal.

IV. *Enforceability of Arbitration Provision.*

In discussing the enforceability of the arbitration provision contained in the parties' contracts, we first address the validity of the district court's rationale for denying Penn Life's motions to dismiss. Because we find that rationale unpersuasive, we will consider the alternative grounds asserted by the agents to avoid their agreements to arbitrate. First, the agents contend that Penn Life's commencement of these actions in court operates as a waiver of its right to arbitrate the agents' claims against the company. Secondly, they argue that the arbitration provision is unenforceable under Iowa Code section 679A.1, which provides that a written agreement to arbitrate is not valid when it is part of a contract of adhesion or a contract between an employer and an employee. *See* Iowa Code § 679A.1(2)(*a*), (*b*). We turn now to the reasoning expressed in the court's rulings.

■ A. *Convenience of parties.* The district court appears to have relied on principles of convenience and judicious use of the parties' resources in concluding that all claims involving the parties should be tried in one forum. We do not think such concerns can override the express agreement of contracting parties to arbitrate.

Under Iowa statutory law, "[a] provision in a written contract to submit to arbitration a future controversy arising between the parties is valid, enforceable, and irrevocable unless grounds exist at law or in equity for the revocation of the contract." *Id.* § 679A.1(2). The agents do not claim there is a basis to revoke the contracts. Therefore, unless the contracts fall within one of the statutory exceptions to section 679A.1(2), the arbitration provision contained in them is enforceable.

There are three instances in which the statute validating arbitration agreements does not apply: (1) contracts of adhesion; (2) contracts between an employer and an employee; and (3) with an exception not pertinent here, tort claims. *Id.* § 679A.1(2)(*a*)-(*c*). Noticeably absent from this list is a provision that allows a

party to avoid arbitration where it is more convenient for the parties to litigate the claim in court rather than to arbitrate. Therefore, we do not think the court is at liberty to decline to enforce an arbitration clause because it would be too inconvenient and costly for the parties to arbitrate their dispute.

This court addressed a similar concern in *Wesley Retirement Services, Inc. v. Hansen Lind Meyer, Inc.*, 594 N.W.2d 22 (Iowa 1999). In that case, like the present case, only part of the dispute between the parties was subject to arbitration. *Wesley Retirement*, 594 N.W.2d at 24. Although the parties had included an arbitration provision in the written contract between them, we held that the tort claim asserted by the plaintiff was not subject to arbitration under section 679A.1(2)(*c* ). *Id.* at 26. On the other hand, we affirmed the trial court's order requiring that the plaintiff's contract claims be arbitrated in accordance with the parties' agreement. *Id.* at 31. We rejected the plaintiff's argument that requiring one claim to proceed by arbitration and allowing the other claims to remain in court warranted a different interpretation of the tort claim exception because such bifurcation of the parties' dispute would generate inefficiencies. *Id.* at 26. Recognizing that such inefficiencies may result, we noted that it was "still within the power of the parties to minimize these inefficiencies by voluntarily agreeing to have all the claims heard in court or all claims determined in arbitration." *Id.*

■■■ The same rationale applies here. While there may be inefficiencies in requiring arbitration of some of the claims involving these parties, but not others, that is the agreement made by the parties. Unless on remand the agents show that the arbitration provision is unenforceable under one of the statutory exceptions, the contracts should be applied as the parties agreed. In summary, we reject the reasoning of the district court that the mere inconvenience of the parties and the inefficiencies that result from using two forums to resolve their dispute provide a sufficient basis to refuse to enforce the arbitration arrangements they made in their contracts.

We find distinguishable our opinion in *County of Jefferson v. Barton–Douglas Contractors, Inc.*, 282 N.W.2d 155 (Iowa 1979), a case relied upon by the district court and the agents. In *County of Jefferson*, this court held that the agreement to arbitrate at issue in that case could *not* be enforced on a statutory basis. 282 N.W.2d at 157. Therefore, we applied the common law principle that an agreement to arbitrate is revocable at any time. *Id.* This court went on to state that even if the agreement were enforceable, the court would decline to enforce it because of the policy favoring the resolution of related causes in one forum at one time. *Id.* at 158.

In contrast to the *County of Jefferson* case, the contracts at issue here *are* governed by chapter 679A and therefore *are* irrevocable and enforceable. This court is not at liberty to outweigh the expression of legislative intent in section 679A.1(2) with our own notion that it would be more efficient to litigate multiple disputes in a single forum.

■■■ B. *Waiver.* The agents claim that Penn Life waived its right to arbitrate. The test for waiver of arbitration is twofold. It requires "conduct or activity inconsistent with the right to arbitration *and* prejudice to the party claiming waiv-

er." *Wesley Retirement*, 594 N.W.2d at 30. Ordinarily, waiver is a fact question for the court to decide. *See id.* In the present case, however, the matter can be resolved on the pleadings, as our discussion of this issue will show.

■ The agents alleged in their resistances to Penn Life's motions to dismiss that the company had "waived any claim to enforcement of [the contractual arbitration provision] by commencing the instant litigation." Penn Life asserts that its commencement of litigation cannot, as a matter of law, operate as a waiver under the circumstances of this case. We agree.

The written contracts between the parties required that only claims involving certain parts of the contracts were subject to arbitration. As noted earlier, the claims made by Penn Life against the agents were *not* subject to the arbitration clause. Therefore, we do not think the company's filing of the present lawsuits was "inconsistent with the right to arbitration." *Id.* Particularly in view of the principle that "evidence of waiver must be compelling," *id.*, Penn Life's action does not provide a basis for application of the waiver doctrine. Accordingly, Penn Life can rely on the arbitration provision in the parties' contracts, to the extent it is enforceable under chapter 679A. That brings us to the final issue raised by the agents—the enforceability of the arbitration clause under section 679A.1(2).

■ C. *Statutory exceptions.* As we stated above, under Iowa law an arbitration provision contained in a contract of adhesion or an employment contract is not enforceable. *See* Iowa Code § 679A.1(2)(*a*), (*b*). The agents claim that the contracts they had with Penn Life qualify as both adhesion contracts and employment contracts. We first consider the agents' contention that the contracts were between an employer and an employee.

1. *Contract between an employer and an employee.* The applicability of section 679A.1(2)(*b*) turns on whether the defendants were independent contractors or employees. The agreements between Penn Life and the agents state the agents are independent contractors, but the agents allege they were employees. Although the parties' intent is an important consideration in determining employment status, many factors bear on this issue. *Iowa Mut. Ins. Co. v. McCarthy*, 572 N.W.2d 537, 542–43 (Iowa 1997). More importantly, whether a person is an independent contractor or an employee is a "factual determination based on the nature of the working relationship and many other circumstances, not necessarily on any label used to identify the parties in the contract." *Harvey v. Care Initiatives, Inc.*, 634 N.W.2d 681, 684 n. 2 (Iowa 2001). Because a factual dispute exists, we cannot decide at the pleading stage whether the agreements between the parties are ones between an employer and an employee so as to render the arbitration provision unenforceable.

2. *Adhesion contract.* A contract of adhesion is described as one that is "drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party who has no real opportunity to bargain about its terms." Restatement (Second) of Conflict of Laws § 187 cmt. *b*, at 135 (Rev.1988); *accord Hofmeyer v. Iowa Dist. Ct.*, 640 N.W.2d 225, 230 (Iowa 2001). We have before us nothing more than speculation as to whether the agreements between Penn Life and the defendants qualify as adhesion contracts. There is nothing in the pleadings that indicates who drafted the contracts or the circumstances under which they were signed. We conclude,

therefore, that this issue cannot be resolved until a factual record has been developed.

### V. *Conclusion.*

While this court disagrees with the reasoning employed by the district court to support its denial of the plaintiff's motions to dismiss the defendants' counterclaims, we affirm. Although we conclude that Penn Life has not waived its right to insist on arbitration of the counterclaims, we cannot determine at this stage of the proceedings whether the arbitration clause is enforceable under Iowa Code section 679A.1(2). Factual issues exist as to whether the written contracts between the parties are adhesion contracts or contracts between an employer and an employee. Therefore, Penn Life has failed to show that the agents' counterclaims are not sustainable "under any state of facts that could be proved in support of the claims asserted." *Haupt*, 514 N.W.2d at 911.

Even though we affirm the district court's denial of the plaintiff's motions to dismiss, our decision does not prejudice Penn Life's ability to prove North Carolina law and have its applicability to the remaining issues determined in later proceedings. Nor does our decision prevent Penn Life from reasserting its contractual right to arbitrate the agents' claims for renewal commissions in an application to compel arbitration pursuant to Iowa Code section 679A.2(1). At that time the parties can support their positions with respect to the enforceability of the arbitration provision with the factual background necessary for the court to resolve this issue. We remand this case for further proceedings consistent with this opinion.

**AFFIRMED AND REMANDED.**