# IN THE COURT OF APPEALS OF IOWA

No. 15-0327
Filed January 13, 2016

**LISA A. NAFZIGER and KRIS E. NAFZIGER,**
        Plaintiffs-Appellants,

**vs.**

**JOSEPH F. PENDER; JOSHUA L. PENDER;
DAN R. SMITH; and TRUDY D. SMITH,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Lee (North) County, John G. Linn,

Judge.


        Lisa and Kris Nafziger appeal from the trial court's adverse ruling in this

action concerning a disputed boundary.  **AFFIRMED.**



        Richard L. Fehseke III of Fehseke & Gray Law Offices, Fort Madison, for

appellants.

        Kevin J. Kuckelman, Keokuk, for appellees.


        Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

Lisa and Kris Nafziger brought an action to establish a disputed boundary. Their neighbors, Dan and Trudy Smith (who are selling the property in installments to Joseph and Joshua Pender) had a fence on the south side of their property since at least 1992, which the Nafzigers contend is not on the property line. The Nafzigers believe the legal description of their property is correct and the Smiths' parcel boundary actually should be pushed north thirty-three feet. The Nafzigers have appealed from the trial court's finding that the fence and an extending line constituted a boundary by acquiescence.[1]

"[T]he party seeking to establish a boundary line other than the boundary line in accordance with a survey must prove acquiescence by clear evidence." *Tewes v. Pine Lane Farms, Inc.*, 522 N.W.2d 801, 806 (Iowa 1994). "[A] boundary line may be established by a showing that the two adjoining landowners or their predecessors in title have recognized and acquiesced in a boundary line for a period of ten years." *Id.*

The case was tried at law. *See* Iowa Code §§ 650.4, .15 (2013). Therefore, our review is for errors at law. Iowa R. App. P. 6.907. Where the case is decided by a court sitting without a jury, we engage in a limited review; the district court's findings are the equivalent of a jury's verdict. *Tewes*, 522 N.W.2d at 804. If supported by substantial evidence, the court's ruling should not

---

[1] The appellees have not filed a brief. That failure does not entitle the appellants to reversal as a matter of right. *See Jefferson Cty. v. Barton-Douglas Contractors, Inc.*, 282 N.W.2d 155, 157 (Iowa 1979). However, we confine our consideration to issues raised in the appellants' brief. *See id.* We will not search the record for a theory upon which to affirm the trial court. *Pringle Tax Serv., Inc. v. Knoblauch*, 282 N.W.2d 151, 153 (Iowa 1979).

be disturbed on appeal. *Id.* As an appellate court, "it is not our province to solve disputed factual questions, nor pass on the credibility of witnesses." *Concannon v. Blackman*, 6 N.W.2d 116, 118 (Iowa 1942).

The district court found that the Smiths' fence, which has existed from at least 1992 (and possibly as early as 1982), is the boundary line between the property owned by Nafzigers to the south and the parcel owned by Smiths to the north. The Nafzigers' predecessors accepted the location of the fence as the boundary line and "submitted tacitly to the fence as the dividing line to Smiths' land to the north, and their land to the south. The inaction of Nafzigers' predecessors in title to claim or exercise control over the land to the north of the fence establishes their acquiescence."

The Nafzigers dispute the court's findings on appeal, arguing their predecessors did not believe the fence was the property line. The term "acquiescence" is defined as

> the mutual recognition by two adjoining landowners for ten years or more that a line, definitely marked by fence or in some manner, is the dividing line between them. Acquiescence exists when both parties acknowledge and treat the line as the boundary. When the acquiescence persists for ten years the line becomes the true boundary even though a survey may show otherwise and even though neither party intended to claim more than called for by his deed.

*Egli v. Troy*, 602 N.W.2d 329, 332 (Iowa 1999) (citation omitted). Acquiescence may be inferred by the silence or inaction of one party who knows of the boundary line claimed by the other and fails to dispute it for a ten-year period. *Tewes*, 522 N.W.2d at 806. The trial court's findings that the predecessors

accepted and tacitly approved the fence as a boundary are supported by substantial evidence.  We therefore affirm.  *See* Iowa Ct. R. 21.26 (1)(a), (b), (e).

**AFFIRMED.**