# IN THE COURT OF APPEALS OF IOWA

No. 15-1485
Filed May 11, 2016

**JOHN EDWARD KEIM,**
    Plaintiff-Appellant,

**vs.**

**JAMIE REYNOLDS,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Crawford County, Patrick H. Tott, Judge.

John Keim appeals from the court's decree of paternity, custody, and visitation, challenging the district court's denial of his request for a change of his child's surname. **AFFIRMED AS MODIFIED.**

Maura Sailer of Reimer, Lohman, Reitz, Sailer & Ullrich, Denison, for appellant.

Jamie Reynolds, Carroll, appellee pro se.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

John Keim appeals from the court's decree of paternity, custody, and visitation, challenging the district court's denial of his request for a change of his child's surname. We review equity matters de novo. Iowa R. App. P. 6.907.

"[W]hen the court first entertains an action between the parents to determine their legal rights and relationships with each other and the child, the court may also consider the legitimacy of the child's original naming as part of its determination of the child's legal status and custody." *Montgomery v. Wells*, 708 N.W.2d 704, 706 (Iowa Ct. App. 2005).

John Keim and Jamie Reynolds have one child together (V.), born in December 2008. Reynolds and Keim were never married but lived together for several years. In July 2014, Keim filed a petition to establish paternity, custody, visitation, and tax dependency exemption. The child's birth certificate states the child's surname is Reynolds and does not list a father.[1] In the petition, Keim asserted the child had lived with him and Reynolds since birth. He alleged it would be in the child's best interests if legal custody and physical care were placed with him and "if his name was legally changed" to Keim's surname. Reynolds objected to the name change. However, on July 7, 2015, Keim and Reynolds stipulated, "Paternity of the child is not disputed but the court needs to legally establish paternity so that John can be added to VSR's birth certificate." The stipulation also provides: "The parties *agree* on the child's last name. The parties agree the child's last name be changed to Keim."

---

[1] The birth certificate was issued in April 2009. Reynolds sought no prenatal care and gave birth to the child at home alone. She took the child to a clinic a few days post birth because she knew the child would need a birth certificate.

A hearing was held on July 9, 2015. Keim was represented by counsel. Reynolds appeared pro se. Keim testified he had two older sons, ages twenty-six and twenty-eight who had the surname Keim. Keim testified Reynolds had moved into his home with her children ten years earlier. He stated just he and the child remained in the home because Reynolds and her children had moved out in May. Keim stated that V. asked why he did not have the same last name as his father. Nor does the child have the same surname as his mother's other children.

Following a hearing, the district court placed the child in Keim's physical care. The court also ruled,

> [Keim] has requested that the last name of the child be changed to his. The child is nearly seven years old. The court believes changing the child's last name at this time would only add to the confusion he is already suffering from. Accordingly, the court does not believe it is in the child's best interests to change his last name at this time.

Keim appeals.[2] We have reviewed the relevant factors enumerated in *Montgomery*, 708 N.W.2d at 708-09,[3] and upon our de novo review, particularly in light of the parties' stipulation as to paternity and the child's surname, we conclude it is in the child's best interest to carry the surname "Keim." We therefore remand for entry of a corrected decree.

**AFFIRMED AS MODIFIED.**

---

[2] Reynolds has not filed a brief with this court. That failure does not entitle the appellant to reversal as a matter of right. *See Jefferson Cty. v. Barton–Douglas Contractors, Inc.*, 282 N.W.2d 155, 157 (Iowa 1979). However, we confine our consideration to issues raised in the appellant's brief. *See id.*

[3] Those factors we find weigh in favor of the surname Keim include convenience for the child to have the same name as the custodial parent, identification of the child as part of a family unit, and avoiding inconvenience or confusion for the custodial parent or the child.