# IN THE COURT OF APPEALS OF IOWA

No. 16-0574
Filed December 21, 2016

**TRAVIS T. HARDGRAVES,**
　　　Plaintiff-Appellant,

**vs.**

**HANNAH M. KOERSELMAN,**
　　　Defendant-Appellee.
_____

　　　Appeal from the Iowa District Court for Woodbury County, Edward A. Jacobson, Judge.


　　　Travis Hardgraves appeals from the child support calculation and attorney fee award in this custody action. **REMANDED WITH DIRECTIONS.**


　　　John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant.

　　　Hannah M. Koerselman, Sioux City, appellee pro se.


　　　Considered by Danilson, C.J., McDonald, J. and Blane, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DANILSON, Chief Judge.**

Travis Hardgraves appeals from the child support calculation and attorney fee award in this custody action.[1]

Prior to trial in this matter, temporary child support for the parties' child was based upon a guidelines worksheet that showed Hardgraves' annual income was $32,240.00 and Koerselman's annual income was $15,600.00. Hardgraves was ordered to pay temporary support of $442.96 per month. After Hardgraves became unemployed, the temporary child support was reduced to $109 per month.

At the time of trial, September 16, 2015, neither party reported the same income as was listed in the guidelines worksheet submitted for the temporary support hearing. Hardgraves testified he was making $12.31 per hour and working forty hours per week. The child was covered by Hawk-I insurance and neither parent paid for that coverage. Hardgraves testified he also had a prior child support obligation of $150 per month. Koerselman testified she was making $13.48 per hour and working forty hours a week. The court placed the child in Koerselman's physical care and ordered Hardgraves to pay child support of $355 per month. The court also ordered Hardgraves to pay $1500 of Koerselman's attorney fees.

---

[1] Hannah Koerselman has not filed a brief with this court. That failure does not entitle Hardgraves to reversal as a matter of right. *See Jefferson Cty. v. Barton–Douglas Contractors, Inc.*, 282 N.W.2d 155, 157 (Iowa 1979). However, we confine our consideration to issues raised in the appellant's brief. *See id.* We will not search the record for a theory upon which to affirm the trial court. *Pringle Tax Serv., Inc. v. Knoblauch*, 282 N.W.2d 151, 153 (Iowa 1979); *see also State ex rel. Buechler v. Vinsand*, 318 N.W.2d 208, 209 (Iowa 1982).

Hardgraves filed a posttrial motion seeking a downward adjustment of the child support award, observing the court did not make any findings or provide a support guideline calculation. He also asked that the court vacate the attorney fee award because the parties' incomes were very similar and Hardgraves was not in a position to pay attorney fees.

We are unable to determine how the district court reached the child support ordered. Hardgraves filed a child support guidelines worksheet with child support calculated in the sum of $285.60. Koerselman did not file a current child support guideline worksheet prior to trial. The parties' pretrial stipulation filed August 25, 2015, states the parties did not agree on child support and would file guideline worksheets. Moreover, Hardgraves' worksheet states Koerselman's annual income was $21,246.00, which appears to be taken from her 2014 income tax return but does not seem to reflect her income at the time of trial.[2] We therefore remand this matter to the district court for calculation of child support pursuant to the guidelines.[3]

"An award of trial attorney fees rests in the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion." *McKee v. Dicus*, 785 N.W.2d 733, 740 (Iowa Ct. App. 2010). Custody actions under Iowa Code chapter 600B permit the award of reasonable attorney fees to the prevailing party. *See* Iowa Code § 600B.26 (2015). We

---

[2] Koerselman testified she made $13.48 per hour and worked 40 hours per week. $13.48 x 40 x 52 = $28,038.40. And her financial affidavit filed August 25, 2015, reflects monthly gross income of $2350, which would provide an annual gross income of $28,200.

[3] If the district court determines a variance from the guidelines is justified, written findings shall be filed pursuant to Iowa Child Support Guidelines Rule 9.11.

acknowledge Hannah was the prevailing party and the attorney-fee award was modest, but there was no explanation given for the award, nor any record made by Hannah for us to determine if the award was reasonable. Accordingly, we remand for a hearing to determine the reasonable amount of attorney fees to be awarded to Hannah, if any. We do not retain jurisdiction.

**REMANDED WITH DIRECTIONS.**