# IN THE COURT OF APPEALS OF IOWA

No. 24-1349
Filed September 4, 2025

**DUSTIN MCGONIGLE,**
        Plaintiff-Appellant,

**vs.**

**FINLEY HOSPITAL and ALEJANDRO PULIDO, M.D., in his individual and professional capacities,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.


        Dustin McGonigle appeals the district court's grant of Finley Hospital and Alejandro Pulido, M.D.'s second motion to dismiss. **AFFIRMED.**


        Adam C. Witosky of Boles, Witosky, Stewart Law P.L.L.C., Des Moines, for appellant.

        Robert D. Houghton, Vincent S. Geis, and Eric P. Martin of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellees.


        Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**SANDY, Judge.**

Dustin McGonigle appeals the district court's grant of Finley Hospital and Alejandro Pulido, M.D.'s (together, "the Hospital") second motion to dismiss. The district court granted dismissal on the basis that McGonigle failed to comply with the certificate-of-merit requirements under Iowa Code section 147.140(1)(b) (2024), which requires certificate of merit affidavits to be signed and sworn "under the oath of the expert witness." In the time since the parties filed their appellate briefs, McGonigle's arguments have been directly addressed by our supreme court in a separate case. *See Banwart v. Neurosurgery of N. Iowa, P.C.*, 18 N.W.3d 267, 272–75 (Iowa 2025). Because *Banwart* definitively establishes that the affidavit must be "signed by the expert under oath or under penalty of perjury" to be substantially compliant with the statute, *id.* at 274, and the hospital's failure to raise the certificate-of-merit defect in its first motion to dismiss does not preclude the issue in its second motion to dismiss, we affirm.

## I. Background Facts and Procedure

McGonigle was stabbed on April 11, 2019, after which he was arrested and delivered to Finley Hospital by authorities. After receiving medical care from Dr. Pulido, McGonigle was released from Finley Hospital and returned to custody, but he began to experience gradually increasing pain shortly thereafter. McGonigle returned to Finley Hospital where he was reexamined and immediately admitted for abdominal surgery. The surgery "resulted in a five-day hospital stay and extensive rehabilitative therapy."

In July 2021, McGonigle filed a lawsuit in the U.S. District Court for the Northern District of Iowa against Dr. Pulido and Finley Hospital, among other

municipal and county defendants.  He raised several causes of action against the municipal and county defendants, alleging various federal statutory and constitutional claims, as well as state common law claims.  He alleged negligence against Dr. Pulido and respondeat superior against Finley Hospital.  McGonigle filed a certificate of merit signed by a medical doctor.  The municipal and county claims were all dismissed with prejudice, and the federal district court declined to exercise supplemental jurisdiction over the state claims against Dr. Pulido and Finley Hospital.  The federal district court dismissed the state law claims against Dr. Pulido and Finley Hospital without prejudice in October 2022.

McGonigle then sued Dr. Pulido and Finley Hospital in the Dubuque County district court later the same month.  McGonigle alleged professional negligence against Dr. Pulido due to medical malpractice and respondeat superior against Finley Hospital as Dr. Pulido's employer.  The Hospital filed its answer on November 18, 2022.

The Hospital filed a motion to dismiss in February 2023, asserting that McGonigle had failed to serve a certificate of merit within sixty days pursuant to Iowa Code section 147.140.  The district court denied that motion in April, finding the certificate of merit filed in the previous federal proceeding met the substantial compliance requirement for the present suit under section 147.140.

The Hospital filed a second motion to dismiss in June, arguing McGonigle's certificate of merit was not signed under oath pursuant to section 147.140(1)(b).  McGonigle conceded that the certificate of merit was unsworn but argued that the certificate otherwise followed the statute's requirements, making it substantially compliant with the statute.  He alternatively argued that the Hospital had waived

the issue by not raising it in the first motion to dismiss and was equitably estopped from raising it again. But the district court granted the Hospital's motion to dismiss, finding that the issue was "directly addressed by the Iowa Supreme Court in *Miller v. Catholic Health Initiatives*" and the Hospital had not waived the issue. *See generally* 7 N.W.3d 367 (Iowa 2024). The district court did not address equitable estoppel.

McGonigle now appeals the district court's ruling on the Hospital's second motion to dismiss.

## II. Preservation of Error

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). And when the district court fails to decide an issue raised before it, "the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.*

In his resistance to the Hospital's second motion to dismiss, McGonigle challenged the motion in part because "equitable estoppel prevents this issue from being raised." McGonigle set forth that argument in addition to his arguments on the merits and relating to issue preclusion. But the district court did not rule on his equitable estoppel argument. After addressing his substantial-compliance argument, the district court quickly disposed of McGonigle's contentions that the Hospital's "challenge must be raised at the first available opportunity" and its "first motion to dismiss amounts to issue preclusion on the [second] motion." The district court went on to grant dismissal without addressing equitable estoppel. And McGonigle did not file a motion to enlarge seeking a ruling on the issue. *See*

*Teamsters Loc. Union No. 421 v. City of Dubuque*, 706 N.W.2d 709, 713 (Iowa 2005); Iowa R. Civ. P. 1.904(2).

The failure to file a motion to enlarge is fatal to any claim of equitable estoppel that McGonigle now raises on appeal. *See Teamsters*, 706 N.W.2d at 713. We thus limit our analysis on his second issue—whether the Hospital can "challeng[e] the certificate given [its] failure to raise the issue in [its] first [motion to dismiss]"—to McGonigle's issue waiver and preclusion arguments.

### III. Standard of Review

"We review rulings on motions to dismiss under Iowa Code section 147.140(6) and the district court's statutory construction for correction of errors at law." *Miller*, 7 N.W.3d at 372 (citation omitted).

### IV. Discussion

#### A. Substantial Compliance

McGonigle primarily argues that the district court "incorrectly applied *Miller* in finding that [his] certificate of merit did not substantially comply with [section] 147.140."[1]

The *Miller* court stated "we do not second guess the legislature's choice to require certificates of merit to be signed under oath" and found that analysis consistent with "other jurisdictions addressing certificate of merit statutes requiring medical experts to sign under oath." *Id.* at 376. So, the *Miller* court concluded that

---

[1] McGonigle filed a sworn certificate of merit with his resistance to the Hospital's second motion to dismiss—significantly past the deadline for filing a certificate of merit. Under *Miller*, violations of section 147.140 are "not cured by [an] expert's sworn declaration . . . after the statutory deadline." 7 N.W.3d at 370.

Miller's certificate of merit did not substantially comply with section 147.140 because it was unsworn.  *See id.* at 376–77.

McGonigle largely avoids discussion of *Miller* and instead focuses on the similarities between section 147.140 and section 668.11.  Section 668.11 is the statutory section setting forth the requirements for disclosure of expert witnesses in professional liability cases.  McGonigle emphasizes that substantial compliance with section 668.11 was "'designed to require a plaintiff to have his or her proof prepared at an early stage in the litigation' so that the defendant 'does not have to spend time, effort and expense in defending a frivolous action.'"  *McHugh v. Smith*, 966 N.W.2d 285, 288 (Iowa Ct. App. 2021) (citation omitted).  It follows that section 668.11 "could be properly classified as procedural or remedial rather than substantive and should be liberally interpreted to accomplish its purpose."  *Id.* (cleaned up).

McGonigle cites to *McHugh* in arguing that section 147.140 deserves the same liberal interpretation as section 668.11.  *See id.* (acknowledging "[s]ection 147.140 is more narrowly tailored" and that it simply requires an expert to confirm "that the plaintiff's claim at least has colorable merit.").  But our court also stated that section 147.140 is meant "to relieve defendants of the burden to ferret out the details" of a medical malpractice claim "[t]o an *even greater degree than* section 668.11."  *Id.* at 291 (emphasis added).  And McGonigle fails to clarify how the broad principles of substantial compliance expressed in *McHugh* can be squared in his case with the supreme court's statement in *Miller*.  There, the supreme court stated that "section 147.140 unambiguously requires that the expert

witness personally sign the certificate of merit under oath," and "[t]he expert's sworn oath is essential." *Miller*, 7 N.W.3d at 374 (cleaned up).

McGonigle's argument is further spoiled by a supreme court decision filed subsequent to the parties' appellate briefs. In *Banwart v. Neurosurgery of North Iowa, P.C.*, our supreme court held "to satisfy section 147.140's affidavit requirement, counsel must ensure that a timely certificate of merit is signed by the expert under oath or under penalty of perjury." 18 N.W.3d at 274. The supreme court further clarified that *Miller* stood for the same principle, and it saw "no good reason to . . . limit *Miller*." *See id.* at 273. Under *Banwart*, even an expert's "affirmation" fails to substantially comply with section 147.140 when that expert does not sign under oath or penalty of perjury. *See id.* at 273–74. This is similar to the supreme court's previous decision in *Shontz v. Mercy Medical Center-Clinton, Inc.*, in which it also held that an expert's affirmation was insufficient for substantial compliance. No. 23-0719, 2024 WL 2868931, at *1 (Iowa June 7, 2024) (per curiam); *see also Banwart*, 18 N.W.3d at 273 (reiterating the *Shontz* holding that an expert's "affirmed" statement does not substantially comply with section 147.140). Notably, McGonigle's expert failed to even "affirm" the certificate of merit.

*Banwart* completely forecloses McGonigle's argument that his certificate of merit substantially complied with section 147.140. The district court did not err in its statutory interpretation.

### B. Issue Waiver and Preclusion

McGonigle next argues the Hospital waived any right to challenge the unsworn certificate of merit by failing to raise the argument early enough—

specifically, in its first motion to dismiss. Although the Hospital's second motion to dismiss was timely filed, McGonigle takes issue with the Hospital's contention "that the opportunity to challenge the certificate [of merit] was not waived by engaging in discovery." Unfortunately for McGonigle, *Banwart* also forecloses this argument:

> The legislature included no deadline within section 147.140(6) to challenge a deficient certificate of merit affidavit. We have already recognized that defendants, by conducting discovery, do not "constructively waive" their right to challenge deficient certificates of merit under section 147.140(6). Using the dispositive motion deadline as a bright line for determining waiver avoids a fact-intensive inquiry into how much discovery is too much. Going forward, parties should rely upon this bright line . . . .

7 N.W.3d at 277–78 (cleaned up).

This leaves us with McGonigle's argument that the Hospital's certificate-of-merit challenge is precluded due to its failure to raise the issue in its first motion to dismiss. For an issue to be precluded,

> (1) the issue in the present case must be identical, (2) the issue must have been raised and litigated in the prior action, (3) the issue must have been material and relevant to the disposition of the prior case, and (4) the determination of the issue in the prior action must have been essential to the resulting judgment.

*Lemartec Eng'g & Constr. v. Advance Conveying Techs., LLC*, 940 N.W.2d 775, 779 (Iowa 2020) (citation omitted).

But this argument also fails. "Issue preclusion, a form of res judicata, is based on a prior *judgment*." *See Clarke Cnty. Reservoir Comm'n v. Robins*, 862 N.W.2d 166, 177 (Iowa 2015). And because the denial of a motion to dismiss is not a final judgment, *see Pa. Life Ins. Co. v. Simoni,* 641 N.W.2d 807, 810 n.2 (Iowa 2002), we discern no final judgment to which issue preclusion could be

applied.  The district court did not err in ruling that issue preclusion and waiver do not apply.

Because the district court did not err in granting the Hospital's second motion to dismiss, we affirm.

**AFFIRMED.**